UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SHARON BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-441 |
| | § | |
| STP NUCLEAR OPERATING CO., *et al*, | § | |
| | § | |
| Defendants. | § | |

# **ORDER**

This is a state-law employment discrimination and retaliation case. The plaintiff, Sharon Brown, filed this lawsuit against her former employer, STP Nuclear Operating Company, in the 130th Judicial District Court of Matagorda County. Dkt. 1-4. Brown alleges STP discriminated against her on the basis of age, sex, and race in violation of the Texas Commission on Human Rights Act. *Id.*

STP removed the case to this court on December 21, 2018, based on federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1441, claiming Brown's state-law claims are preempted by federal law and corresponding NRC regulations governing nuclear safety. Dkt. 1. STP reasoned Brown's claim falls within the preempted zone of nuclear safety because STP terminated Brown for issues relating to a safety and quality-concerns investigation. *Id.* at 1–2. Brown alleges STP's stated reasons for terminating her were pretextual. Dkt. 1-4.

Pending before the court is Brown's motion to remand. Dkt. 11. The court has carefully considered the motion (Dkt. 11), STP's response (Dkt. 14), the

pleadings, other relevant materials in the record and the applicable law, and finds that the case should be remanded to state court.

## Analysis

Under 28 U.S.C. § 1441(a), a defendant may remove any civil action to federal court if the plaintiff's complaint presents a federal question. A plaintiff may avoid federal jurisdiction by relying exclusively on state law. *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 399–99 (1987)). Nevertheless, the application of complete preemption converts an ordinary state-law complaint into one stating a federal claim that is removable to federal court. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987).

1. **Field preemption**

"Field preemption occurs when Congress intends to 'occupy the field,' taking over a field of law to the exclusion of state or local authority." *United States v. Zadeh*, 820 F.3d 746, 751 (5th Cir. 2016) (citing *Sprietsma v. Mercury Marine*, 537 U.S. 51, 64 (2002)). The Supreme Court has held that Congress intends that only "the federal government should regulate the radiological safety aspects involved in the construction and operation of a nuclear plant." *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 205 (1983). But a state-law claim concerning the construction and operation of a nuclear plant is preempted only if: (1) nuclear-safety concerns drove the enactment of the state law at issue; or (2) the state law has some "direct and substantial effect on the decisions

made by those who build or operate nuclear facilities concerning radiological safety levels." *English v. General Electric Co.*, 496 U.S. 72, 84–85 (1990).

Only the second category is at issue here; it is clear the Texas discrimination and retaliation laws under which Brown has sued were not enacted due to nuclear-safety concerns. Regarding the second category, the *English* Court elaborated:

> In addressing this issue, we must bear in mind that not every state law that in some remote way may affect the nuclear safety decisions made by those who build and run nuclear facilities can be said to fall within the pre-empted field. We have no doubt, for instance, that the application of state minimum wage and child labor laws to employees at nuclear facilities would not be pre-empted, even though these laws could be said to affect tangentially some of the resource allocation decisions that might have a bearing on radiological safety.

*Id.* at 85.

STP relies on *Tomek v. STP Nuclear Operating Co.*, No. 3:17-CV-00340, 2018 WL 4403281 (S.D. Tex. Aug. 28, 2018), *report and recommendation adopted*, No. 3:17-CV-00340, 2018 WL 4384170 (S.D. Tex. Sept. 14, 2018), and the case on which *Tomek* relies, *Boldt v. N. States Power Co.*, 259 F. Supp. 3d 954 (D. Minn. 2017). These cases are distinguishable. In both, the plaintiff's state-law claims alleged disability discrimination based on perceived alcoholism. *Tomek*, 2018 WL 4403281, at *4–5; *Boldt*, 259 F. Supp. 3d at 963. The *Tomek* and *Boldt* courts held a state-law requirement concerning disability discrimination for perceived alcoholism would have a "direct and substantial effect" on the safety decisions of those who operate nuclear facilities. *Tomek*, 2018 WL 4403281, at *5; *Boldt*, 259 F. Supp. 3d at 963. For example, a state-law ruling that termination

after a failed alcohol test amounts to an adverse employment action could directly and substantially affect operational safety decisions. *See Tomek*, 2018 WL 4403281, at *4–5. As a result, field preemption barred the plaintiffs' claims. *Id.*

Brown's suit differs in an important way. State laws governing age, sex, and race discrimination do not directly and substantially affect nuclear-facility safety decisions—certainly not in the way regulations concerning alcohol abuse might. Brown's claims are more like those the *English* Court held were not preempted: "[a]s employers find retaliation more costly, they will be forced to deal with complaints by whistle-blowers by other means, including altering radiological safety policies. Nevertheless, we believe that this effect is neither direct nor substantial enough to place petitioner's claim in the pre-empted field." *English*, 496 U.S. at 85*; see also Ackison v. Detroit Edison*, 751 F. Supp. 1245, 1248–49 (E.D. Mich. 1990) (granting motion to remand to state court because plaintiff's state whistleblower-act claim did not fall within the preempted field of nuclear safety).

### 2. Conflict preemption

STP also argues that conflict preemption confers federal jurisdiction. Dkt. 14 at 9–10. According to STP, allowing Brown to pursue her employment-discrimination claim would place STP in the position of choosing between avoiding state-law liability or enforcing federal regulations governing confidentiality and plant-access policies. *Id.* Under the doctrine of conflict preemption, a state law is preempted when "it actually conflicts with federal law," such as "where it is

impossible for a private party to comply with both state and federal requirements," or where a state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *English*, 496 U.S. at 79 (citations and internal quotation marks omitted). But, unlike in *Tomek*, it is not impossible for STP to comply with both the state laws prohibiting age, sex, and race discrimination and retaliation and the federal nuclear-safety regulations governing employee screening and confidentiality of safety complaints. *See Tomek*, 2018 WL 4403281, at *6–8.

* * *

The court grants Brown's motion to remand (Dkt. 11). This case shall be remanded to the 130th Judicial District Court of Matagorda County. The United States District Clerk is directed to transmit the file to the Matagorda County District Clerk.

SIGNED on Galveston Island on the 25th day of March, 2020.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE